**SHAW'S, Inc., v. WILSON–JONES CO.**

No. 81.

District Court, E. D. Pennsylvania.

Jan. 31, 1939.

714

Orr, Hall & Williams and George P. Williams, Jr., all of Philadelphia, Pa., for plaintiff.

John Sailer and Philip L. Leidy, both of Philadelphia, Pa., for defendant.

DICKINSON, District Judge.

We wish to express our appreciation of the very helpful arguments which have been submitted.

The motion before us challenges the statement of plaintiff's claim in that it does not disclose a cause of action. We must assume the ability of the plaintiff to prove all its fact averments and hence, for present purposes, accept its averments as facts. There are very clear averments of an evil and of a grievance. The City of Philadelphia was in need of supplies for which it asked public bids. The natural and expected result would be, competitive bids and an award to the lowest bidder. A further result would be the stimulation of "the free flow of commerce". The defendant is charged with interrupting this flow and stopping all bids except one. The evil is the discouragement and consequent lessening in "the free flow of commerce" and an increase in the cost to Philadelphia of its supplies. The grievance of the plaintiff is that it was deprived of the right to bid and thus deprived of its at least hope of being the successful bidder. This was more than a hope. The successful, because the only bid, was at a price. If the plaintiff submitted a less price bid, we may assume the supply contract would have been awarded to it. How was this monopoly of the bidding accomplished? Neither the plaintiff nor the successful bidder were producers of the supplies required by the City. The defendant was. As bidders, the plaintiff and the successful bidder were dependent upon the defendant to make good their bids. Incidentally the defendant had encouraged the plaintiff to bid and had, at least impliedly, promised to sell it the required supplies. Right on the eve of the submission of bids and too late for the plaintiff to procure supplies elsewhere, the defendant, unexpectedly to plaintiff, refused to sell to it. The consequence was the plaintiff lost the opportunity to bid. As stated, the defendant acted shabbily, and the plaintiff suffered damage, but was the damnum an injuria in law? Accepting the doctrine that it is unlawful for any one engaged in interstate commerce to discriminate in price between customers, we would accept the further doctrine that selling to one at a price and refusing to sell to another at any price is a price discrimination, there being no other reason for the refusal to sell. The "one price" policy, although now generally accepted as sound, wise and just, is of comparatively recent adoption. It has however been written into the amendments to what we know as the Sherman Anti-Trust Act, 15 U.S.C.A. § 1 et seq., and is now the statutory law. Had therefore the defendant refused to sell to plaintiff the needed supplies while selling them to another purchaser at a price, we would feel constrained to hold that it had violated the provisions of the Robinson-Patman Act of June 19th, 1936, 15 U.S.C.A. §§ 13, 13a, 13b, 21a, and that the plaintiff had a cause and right of action under that Act. Is however a refusal to sell averred? It must be admitted that there is a difference, as well as distinction, between an offer to buy at a price and a request for a price quotation at which the prospective purchaser has an option of purchase in the indefinite future or the sale is conditioned upon the purchaser making a resale. The practical difference is a very tenuous one. Undoubtedly a refusal to quote prices might fairly, and ordinarily would, be interpreted as a refusal to sell, but none the less a vendor might be willing to sell at a price and yet be unwilling to quote a price for a con-

tingent sale in the indefinite future. The question thus becomes such a narrow one that it is difficult to formulate. Admitting that the Robinson-Patman Act requires the observance of the one price policy, does it require of one engaged in interstate commerce that he shall under treble damages for a refusal submit prices not for a sale but for the information of the inquirer?

This is the underlying question presented by this case. Stripped of all extraneous averments, the averment is that when asked for prices the defendant replied you are not asking for prices as a prospective purchaser but merely for information for your use as a bidder. This we decline to give you. The question is whether under the Robinson-Patman Act the defendant would be answerable for treble damages for its refusal. 15 U.S.C. A. § 15.

This question the plaintiff must meet and we think it better to meet it now than after the expenses of a long trial have been incurred.

The motion to dismiss the action is allowed, with exception, if required, to the plaintiff.